**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASTOLFO TORRES, | : | |
| | | Civil Action No. 08-4811 (RMB) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| WARDEN GRONDOLSKY, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Astolfo Torres
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

    Petitioner Astolfo Torres, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in forma pauperis

---

[1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

pursuant to 28 U.S.C. § 1915(a).  The sole respondent is Warden Grondolsky.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis and direct the Clerk of the Court to file the Petition.

Because it appears from a review of the Petition that this Court lacks jurisdiction, the Court will dismiss the Petition. See 28 U.S.C. § 2243.

## I.  BACKGROUND

On October 14, 2004, in the United States District Court for the Southern District of Florida, Petitioner pleaded guilty, without a written plea agreement, to an indictment charging him with conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, and attempt to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846.  At sentencing, Petitioner argued that he was entitled to a two-level "minor role" reduction.  At sentencing on January 7, 2005, the Court denied Petitioner's request and sentenced him to 108 months imprisonment.  See United States v. Torres, 08-cr-60196 (S.D. Fla.).[2]

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice

Petitioner's pro se direct appeal was dismissed for lack of jurisdiction, because it was untimely.  See <u>United States v. Torres</u>, No. 05-11990 (11th Cir.).

Thereafter, Petitioner filed in the trial court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  See <u>Torres v. United States</u>, 05-cv-61975 (S.D. Fla.). In that motion, Petitioner raised the following claims: (1) his mere intention to commit the crime was not enough to constitute an attempt and he was improperly charged in the indictment, (2) his lawyer convinced him to take the plea by incorrectly promising him that he would be sentenced to no more than three years imprisonment, and (3) he should have been awarded a "minor role" reduction at sentencing.  The trial court denied, on the merits, the motion and the subsequent motion for reconsideration. On September 19, 2007, the Court of Appeals for the Eleventh Circuit denied Petitioner's motion for a certificate of appealability.  See <u>Torres v. United States</u>, No. 07-10974 (11th Cir.).  On March 24, 2008, the Supreme Court of the United States denied certiorari.  See <u>Torres v. United States</u>, No. 07-9418 (U.S.).

Thereafter, Petitioner submitted this Petition for writ of certiorari in this Court, challenging his present detention on

---

of another court's opinion, not for the truth of the facts
recited therein, but for the existence of the opinion, which is
not subject to reasonable dispute over its authenticity).

the grounds that: (1) he was denied his constitutional right to effective assistance of counsel at the trial level, in connection with trial preparation, the guilty plea process, and sentencing, and at the appeal level by failing to file a timely direct appeal; (2) he should have been awarded a "minor role" sentencing reduction; and (3) he did not understand the plea colloquy at his guilty plea hearing.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of

the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  A one-year period of limitations applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the

prisoner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."

6

Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

   The claims presented here are quintessential § 2255 claims challenging Petitioner's conviction and sentence.  Petitioner has not established, nor even alleged, that § 2255 is inadequate or ineffective to test the legality of his detention.  Indeed, most of the claims raised here were raised in Petitioner's previous § 2255 motion.  This Court lacks jurisdiction under § 2241 to hear Petitioner's claims.  Instead, this Petition must be construed as a second or successive § 2255 motion, over which this Court also lacks jurisdiction.

   Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  As Petitioner has already raised before the Court of Appeals for the Eleventh Circuit most of the

7

claims presented here, and because all of the claims could have been raised in the first § 2255 motion, it does not appear that it would be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the Eleventh Circuit. The Petition will be dismissed for lack of jurisdiction.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: October 3, 2008